SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CENTRAL TRANSPORT, LLC; a Michigan Limited Liability Company, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEREMY MICHAEL RAMEY-VICARIO, individually and on behalf of all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

AUG 13 2021

CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SHASTA SUPERIOR COURT
1500 Court Street
Redding, California 96001

CASE NUMBER:
*(Número del Caso):* **198003**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; Tel: (949)387-7200

DATE: **AUG 13 2021**          Clerk, by **K. BESANA**, Deputy
*(Fecha)*                              *(Secretario)*                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**FILED**

**AUG 1 3 2021**

CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

1  JAMES HAWKINS APLC
2  James R. Hawkins, Esq. (#192925)
   Gregory Mauro, Esq. (#222239)
3  Michael Calvo, Esq. (#314986)
   Jeanne Sarmiento, Esq. (#309660)
4  9880 Research Drive, Suite 200
   Irvine, CA 92618
5  Tel.: (949) 387-7200
   Fax: (949) 387-6676
6  Email: James@jameshawkinsaplc.com
   Email: Greg@jameshawkinsaplc.com
7  Email: Michael@jameshawkinsaplc.com
   Email: Jeanne@jameshawkinsaplc.com
8

9  Attorneys for Plaintiff JEREMY MICHAEL RAMEY-VICARIO,
   individually and on behalf of all others similarly situated
10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SHASTA

| | |
|---|---|
| JEREMY MICHAEL RAMEY-VICARIO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL TRANSPORT, LLC; a Michigan Limited Liability Company, and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: **198003** <br><br> Assigned For All Purposes To: <br> Judge: <br> Dept.: <br><br> **CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382** <br><br> 1. Failure to Pay Minimum Wages as Required by Labor Code § 1194 <br> 2. Failure to Pay Timely Wages Required by Labor Code § 203 <br> 3. Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226 <br> 4. Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802; <br> 5. Violation of Business & Professions Code § 17200, et seq; and <br> 6. Failure to Pay Minimum Wages ("FLSA") <br><br> **DEMAND FOR JURY TRIAL** |

By Fax

CLASS ACTION COMPLAINT

Plaintiff JEREMY MICHAEL RAMEY-VICARIO ("Plaintiff"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this Complaint against Defendants CENTRAL TRANSPORT, LLC, a Michigan Limited Liability Company; and DOES 1-50, inclusive (collectively "Defendants") and alleges on information and belief as follows:

## I.   JURISDICTION AND VENUE

1. This class action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2. This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not give jurisdiction to any other court.

3. This Court has jurisdiction over Defendants because, upon information and belief, each Defendant either has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

4. The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

5. Venue is proper in this Court because upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and/or the acts or omissions alleged herein took place in this County.

///

///

- 1 -
CLASS ACTION COMPLAINT

## II. PARTIES

6. Plaintiff JEREMY MICHAEL RAMEY-VICARIO was at all times relevant to this action a resident of California. Plaintiff was employed by Defendants in approximately September 2019 as a Non-Exempt Employee working as a city driver, and worked during the liability period for Defendants until Plaintiff's separation from Defendants' employ in approximately March 2021. Plaintiff's duties included, but were not limited to, delivery and pick-up within California, both residential and commercial.

7. Defendant CENTRAL TRANSPORT, LLC, a Michigan Limited Liability Company operates as a transport company. Plaintiff estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last four years.

8. Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained.

9. Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

## III. CLASS ACTION ALLEGATION

10. Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are defined as follows:

All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing

of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

11. Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who are or were employed by Defendants at any time between August 2020 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 2:** All Class Members who have been employed by Defendants at any time between August 2018 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

**Sub-Class 4:** All Class Members who are or were employed by Defendants and incurred business expenses as a result of the discharge of their duties (hereinafter collectively referred to as the "Reimbursement Subclass").

**Sub-Class 5:** All Class Members who are or were employed by Defendants who were compensated on a piece rate (i.e. per mile basis) (hereinafter collectively referred to as the "Piece-Rate Subclass").

12. Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

13. The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

14. There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

15. <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as plaintiffs is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

16. <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These

common questions include, but are not limited to:

    i. Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

    ii. Whether Defendants violated Labor Code section 226.2 and applicable IWC Wage Orders by failing to pay for "non-driving" tasks separately (and in addition to) their piece-rate compensation.

    iii. Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and Class Members pursuant to Labor Code 226;

    iv. Whether Defendants failed to reimburse business expenses incurred by Plaintiff and Class Members pursuant to Labor Code section 2802;

    v. Whether Defendants failed to maintain accurate time record pursuant to Labor Code sections 1174.5 and IWC Wage Orders;

    vi. Whether Defendants violated section 17200 *et seq*. of the Business and Professions Code by failing to pay minimum wages, failing to reimburse business expenses, and failing to keep accurate records;

    vii. Whether Defendants violated Business and Professions Code and Labor Code sections 226, 226.2, 558, 1194, 1197, 1197.1, 2802, and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

    viii. Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief pursuant to Business and Professions Code section 17200, et. seq.; and

    ix. Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 1194 and 1197.

17. <u>Typicality</u>. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and

- 4 -
CLASS ACTION COMPLAINT

statutes as alleged herein.

18. <u>Adequacy</u>. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

19. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

20. <u>Public Policy Considerations</u>: Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.

///

///

## IV.     FACTUAL ALLEGATIONS

21.     At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt driver positions, however titled, throughout the state of California.

22.     Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

23.     Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties relating to Defendants Less-Than-Truckload ("LTL") freight shipping for next-day, regional, and long haul services. .

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25.     During the relevant time frame, Plaintiff and Class Members would typically work ten to twelve or more hours a day, for five or more days a week.

26.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time frame, Defendants compensated Plaintiff and Class Members on both an hourly rate and, on a piece rate (i.e. per mile basis) that did not always equate to minimum wage for all hours worked.

27.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Plaintiff and Class Members were regularly required to work without being paid minimum wage as a result of the methodology of Defendants' piece-rate payment scheme which is incapable of providing compensation to Plaintiff and Class Members for the time when the vehicle is not moving. For instance, on Saturdays, Plaintiff and Class Members would be paid "Straight Pay" that was set at $79.00 each way, to and from Sacramento, that was purportedly paid an undesignated sum per mile, but did not include pay to perform the following tasks that went uncompensated, including, but not limited to: conducting pre-trip and post-trip inspections of the truck, trailer, and equipment, filling out freight transportation paper work/inspection reports, and checking routes ("Non-Driving tasks") as those tasks cannot be completed when the truck is not moving, all without

1  payment of minimum wage, as required by California law.

2      28.    Such time spent performing these tasks would be uncompensated work time. As a result of Defendants' piece rate compensation scheme, Defendants failed to compensate Plaintiff and Class Members accordingly.

    29.    In addition, Plaintiff is informed and believes that Plaintiff and Class Members were not compensated for all time worked on the days they were compensated at an hourly rate as Plaintiff and Class Members were frequently required to work off the clock, including the time they were required to engage in pre-shift activities. For instance, Plaintiff and Class Members would engage in the following pre-shift activities which would take approximately 45-minutes each morning: (1) completing a pre-trip inspection of the truck, including inspecting fluids, hoses, and electrical systems; (2) filling out paperwork, including bills of lading; and (3) looking up routes and checking satellite views for clearance to make sure the truck would be able to pass through certain residential areas or mountain areas. All of these occurrences resulted over time in an underpayment of minimum wages to Plaintiff and Class Members.

    30.    During the relevant time frame, Plaintiff and Class Members were not accurately paid minimum wages, as required under California law as a result of Defendants' unlawful pay practices.

    31.    On information and belief, during the relevant time frame, Defendants failed to adequately reimburse Plaintiff and Class Members for business expenditures incurred for the use of personal cellphones as Plaintiff and Class Members used their personal cellphones to stay in contact with Defendants management who would call to inquire about the status and location of the Plaintiff and Class Members and would call with customer updates. Such business expenditures incurred were incurred in direct consequence of Plaintiff's and Class Members' duties and were not reimbursed pursuant to Labor Code § 2802.

    32.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wages pursuant to, but not limited to, Labor Code § 201-203, 226.2, 558, 1194, 1197 and applicable IWC Wage Orders, and California Code of Regulations, but were not paid all

wages due.

33. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of total hours worked, did not indicate the pay rates and hours for all items of pay, including, but not limited to, "City Work Pay," "Dock Work Pay," "Mileage Pay," and "Straight Pay", and also gross pay and net pay figures from Plaintiff and the Class Members' wage statements.

34. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including minimum wages and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

35. Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)     failing to pay Plaintiff and Class Members for all wages owed;

(b)     failing to timely pay Plaintiff and Class Members;

(c)     failing to provide accurate itemized wage statements;

(d)     failing to reimburse business expenses; and

(e)     conducting and engaging in unfair business practices.

36. In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

37. Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq*.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES**

**(Against All Defendants)**

38. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

39. At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

40. At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged.

41. At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203."

42. At all relevant times, Labor Code section 226.2 requires employers to pay employees compensated on a piece-rate basis for other non-driving time separate from any piece-rate compensation. Employees shall be compensated for other non-driving time at a regular hourly rate that is no less than the higher of: (i) an average hourly rate determined by dividing the total compensation for the workweek by the total hours worked during the workweek; (ii) the applicable minimum wage.

43. On information and belief and based on that information and belief, Defendant

- 9 -
CLASS ACTION COMPLAINT

compensated its non-exempt employees on a piece rate (i.e. per mile) basis on days it designated as "Straight Pay" days, i.e., Saturday trips to Sacramento.

44. On information and belief, Defendants failed to pay its non-exempt drivers at least minimum wage for hours worked when it required Plaintiff and Members of the Class, under the control of Defendants to engage in pre-trip activities and engage in all Non-Driving tasks referenced above, due to Defendants' piece rate scheme where the hours worked delivering the load caused the hourly rate to fall below the minimum wage.

45. While Plaintiff and the Class performed the work as described herein, Defendants policies and practices failed to pay wages for all hours worked, as required pursuant to Labor Code §§ 200, 1194, and 1197.

46. Pursuant to Labor Code §§ 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages, as well as interest, costs, and attorneys' fees.

47. Thus, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to Labor Code §§ 1194, 1197 and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §1194.2.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY TIMELY PAY WAGES
### (Against All Defendants)

48. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

49. Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

50. Labor Code §203 provides that if an employer willfully fails to pay compensation

promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

51.     During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include minimum wages for non-driving tasks and pre-shift tasks performed that went uncompensated.

52.     As stated above, at times Defendants compensated Plaintiff and Class Members on a piece rate (i.e. per mile basis) that did not always equate to minimum wage for all hours worked. Plaintiff and Class Members were regularly required to work without being paid minimum wage as a result of the methodology of Defendants' piece-rate payment scheme which is incapable of providing compensation to Plaintiff and Class Members for when the vehicle is not moving. Defendants knew or at least should have known that these activities were being performed without the appropriate compensation, and yet despite this reality, have failed to and continue to fail to pay Plaintiff and Class Members their wages that are due and owing.

53.     As a result, Defendants are liable to Plaintiff and members of the Non-Exempt class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Against All Defendants)

54.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

55.     Section 226(a) states that An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and

any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer.

56. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

57. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

58. Defendants have failed to accurately record all time worked and failed to list total hours worked.

59. Defendants did not indicate the pay rates and hours for all items of pay.

60. Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

61. Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

62. Pursuant to Labor Code section 266.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a

wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

**(Against All Defendants)**

63. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

64. Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred as results of personal cell phone usage, which was incurred as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these realities of the job, Defendants failed to provide reimbursements for the use of personal cell phones necessary to carry out their job duties.

65. Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

66. As a result of the unlawful acts of Defendants, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

///

## FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.

**(Against All Defendants)**

67. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

68. Defendants' conduct, as alleged in this complaint, has been, and continues to be,

unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

69. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

70. A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendants' policy of failing to compensate Plaintiff and Class Members of minimum wages, failure to reimburse expenses, and provide accurate itemized wages statements, violates Labor Code §§ 226, 558, 1194, 1197, 2802 and applicable IWC Wage Orders and California Code of Regulations.

71. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

72. Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES ("FLSA")**

**(Against All Defendants)**

73. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

74. The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq, applied to Plaintiff and Class Members' employment with Defendants at all times relevant herein.

75. Section 206 of the FLSA, 29 U.S.C. § 206 (a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. Section 218 of the FLSA, 29 U.S.C. § 218 (a), provides that employers pay such minimum wages as established by state law, should be higher

than the federal minimum.

76. During the liability period, Defendants failed to pay Plaintiff and Class Members minimum wages due and owing as a result of the piece rate compensation scheme alleged above.

77. Defendants willfully, intentionally, and with reckless regard failed to pay Plaintiff and Class Members the minimum wages for all hours worked in violation of the FLSA.

78. Plaintiff and Class Members are entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover unpaid minimum wages, including interest, liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorneys' fees and costs. Plaintiff has consented to join this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That Plaintiff be appointed as the representative of the Subclass; and
4. That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1. For compensatory damages equal to the unpaid balance of minimum wage compensation owed to Plaintiff and Class members as well as interest and costs;
2. For reasonable attorneys' fees and costs pursuant to Labor Code § 1194;
3. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2;
4. For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1. For statutory penalties pursuant to Labor Code §203;
2. For interest for wages untimely paid; and
3. For such other and further relief as the Court deems proper.

On the Third Cause of Action

4.     For statutory penalties pursuant to Labor Code §226;

5.     For interest for wages untimely paid;

6.     For penalties pursuant to Labor Code §266.3; and

7.     For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.     For statutory penalties pursuant to Labor Code §2802;

2.     For interest for wages untimely paid; and

3.     For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.     That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay all regular wages due over the last four (4) years in an amount according to proof;

2.     That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay wages, as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.     For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

4.     For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

5.     For costs of suit incurred herein; and

6.     For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.     For general damages as measured by unpaid wages; liquidated damages, an equal amount to the unpaid wages under federal law, including, *inter alia*, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, *inter alia,* 29 U.S.C. § 216 et. seq.; and

2.     For such other and further relief as the Court deems proper.

- 16 -<br>CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: August 13, 2021

JAMES HAWKINS APLC

By: _____
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
JEANNE SARMIENTO, ESQ.
Attorneys for Plaintiff JEREMY MICHAEL RAMEY-VICARIO, individually and on behalf of all others similarly situated